Filed 12/16/24  Avendano v. City of El Centro CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| MANUEL AVENDANO et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> CITY OF EL CENTRO, <br><br> Defendant and Respondent. | D083399 <br><br><br> (Super. Ct. No. ECU002428) |

APPEAL from a judgment of the Superior Court of Imperial County, Jeffrey B. Jones, Judge.  Affirmed.

Bryan M. Garrie; Law Office of Matthew P. Tyson, and Matthew P. Tyson for Plaintiffs and Appellants.

McCormick, Mitchell & Rasmussen, John P. McCormick, Konrad M. Rasmussen, and Brett L. Cirincione for Defendant and Respondent.


Manuel Avendano and Arturo Lucero were employees of the City of El Centro (City).  During the COVID-19 pandemic, the City adopted a policy requiring employees to either be vaccinated or be tested for the virus on at least a weekly basis.  Avendano and Lucero refused to be vaccinated on

religious grounds. After they were unable to obtain an exemption to the vaccination requirement and also refused to submit to weekly testing, they were placed on unpaid administrative leave. Shortly after, they resigned from their jobs and filed the underlying lawsuit against the City.

After several unsuccessful attempts by Avendano and Lucero to amend their complaint, the trial court sustained the City's third demurrer without leave to amend and entered judgment against the plaintiffs. On appeal from the judgment, Avendano and Lucero argue they should have again been granted an additional leave to amend their complaint because questions of fact remain with respect to whether the City failed to provide them with a reasonable accommodation as required under the Fair Employment and Housing Act (Gov. Code, § 12900 et seq.[1], FEHA) and whether their refusal to receive a vaccine falls within the protected class of genetic information under section 12926, subdivision (g)(2). As we shall explain, we reject these arguments and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND[2]

In April 2022, the City enforced a COVID-19 vaccine and testing policy. Under the policy, all City employees were required to report their vaccination status and any employee who was not vaccinated was required to undergo weekly or more frequent COVID-19 testing. The City's testing policy "called for use of a PCR or antigen test, provided by the [City], which was approved by the FDA, or had received an Emergency Use Authorization (EUA) from

[1]    Subsequent undesignated statutory references are to the Government Code.

[2]    The background is taken from the allegations of the operative complaint, which we assume are true under the standard applicable to our review of a ruling on a demurrer. (*LeBrun v. CBS Television Studios, Inc.* (2021) 68 Cal.App.5th 199, 202.)

2

the FDA, to 'diagnose current infection with the SARS-CoV-2 virus.' "  The City used the BinaxNOW COVID-19 Ag 2 Card test, which received emergency use authorization from the FDA to detect COVID-19.  Under the City's policy, unvaccinated employees who did not comply with the testing requirement "could be barred from the workplace" and "subject to immediate disciplinary action, up to and including termination."

Avendano and Lucero were City employees who were not vaccinated against COVID-19 and also refused to comply with the City's COVID-19 testing requirement.  As a result, they were placed on unpaid leave.  Both men then resigned from their employment.

On June 13, 2022, Avendano and Lucero filed their original complaint, alleging three causes of action:  (1) unequal treatment in violation of FEHA; (2) wrongful discharge in violation of public policy; and (3) violation of the Tom Bane Civil Rights Act (Civ. Code, § 52.1).  On August 8, 2022, the plaintiffs filed their First Amended Complaint (FAC) adding a fourth cause of action for violation of FEHA based on the protected class of "genetic therapy" for their refusal to be vaccinated.  In response, the City filed its first demurrer.  After briefing and a hearing, the court sustained the demurrer without leave to amend as to the first and fourth causes of action and with leave to amend as to the second and third causes of action.

Thereafter, Avendano and Lucero filed their second amended verified complaint, which alleged the two remaining causes of action for wrongful discharge in violation of public policy and violation of the Tom Bane Civil Rights Act.  The City again demurred and, after receiving supplemental briefing concerning the impact of the federal Public Readiness and Emergency Preparedness Act (42 U.S.C. § 247d et seq., PREP Act), the court overruled the demurrer to the first cause of action for wrongful discharge,

and sustained the demurrer to the second cause of action for violation of the Tom Bane Civil Rights Act, with leave to amend.

The following day, Avendano and Lucero filed a request for dismissal of their second cause of action, which the court entered. The next month, the City filed a motion for judgment on the pleadings, seeking dismissal of the remaining claim for wrongful termination. The trial court granted the motion, but gave Avendano and Lucero the opportunity to again amend their complaint.

The plaintiffs then filed their final complaint, the Third Amended Complaint (TAC), alleging five causes of action: (1) violation of Labor Code section 1102.5, subdivision (c); (2) deprivation of civil rights under section 1983 of title 42 of the United States Code; (3) failure to accommodate a religious belief in violation of section 12940, subdivision (l)(1); (4) failure to engage in an interactive process in violation of section 12940, subdivision (n); and (5) harassment in violation of section 12940, subdivision (j). The City filed its demurrer to the TAC and, after briefing and a hearing, the trial court issued an order sustaining the demurrer as to each cause of action without leave to amend. Thereafter, the court entered judgment in favor of the City. Avendano and Lucero timely appealed.

## DISCUSSION

On appeal, Avendano and Lucero challenge the trial court's order sustaining the City's demurrer only with respect to their third cause of action in the TAC for failure to accommodate their religious beliefs in violation of section 12940, subdivision (l)(1), and their fourth cause of action in the FAC for disparate treatment under section 12940, subdivision (a), based on the protected class of genetic information.

4

# I

## *Standard of Review*

This court applies the following well-established law in reviewing a trial court's order sustaining a demurrer without leave to amend: " 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) A plaintiff must show "in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading." (*Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349 (*Goodman*).)

# II

## *Failure to Accommodate a Religious Belief*

Avendano and Lucero first assert the trial court erred by sustaining the City's demurrer to their claim for failure to accommodate their religious beliefs because (1) the complaint sufficiently pleaded all required ultimate facts, or any deficiency could have been cured by amendment; (2) the TAC established their sincere religious beliefs conflicted with the City's

vaccination and testing policy; and (3) whether COVID-19 testing was a reasonable accommodation was a question of fact for the jury.

In response, the City asserts that it did not challenge the claim based on lack of specificity. Rather, the demurrer was sustained on the grounds that the plaintiffs failed to state a prima facie claim because the TAC did not plead any conflict between the plaintiffs' religious beliefs and the City's employment requirement of either receiving a vaccination *or* submitting to COVID-19 testing.

## A

Section 12940 of FEHA sets forth various unlawful employment practices. Section 12940, subdivision (*l*)(1), under which Avendano and Lucero bring their third cause of action in the TAC,[3] provides that "[i]t is an unlawful employment practice [¶] ... [¶] to discriminate against a person in compensation or in terms, conditions, or privileges of employment because of a conflict between the person's religious belief or observance and any employment requirement, *unless the employer or other entity covered by this part demonstrates that it has explored any available reasonable alternative means of accommodating the religious belief or observance*, including the possibilities of excusing the person from those duties that conflict with the person's religious belief or observance or permitting those duties to be performed at another time or by another person, but is unable to reasonably accommodate the religious belief or observance without undue hardship." (§ 12940, subd. (l)(1), italics added.)

---

[3] The TAC's cover page identifies section 12940, subdivision (a) as the basis for their third cause of action. However, in their opening brief in this court, Avendano and Lucero clarify that they erroneously titled their claim "religious discrimination" and intended to assert their claim for failure to accommodate under section 12940, subdivision (*l*)(1).

"There are three elements to a prima facie case under section 12940, subdivision (*l*): the employee sincerely held a religious belief; the employer was aware of that belief; and the belief conflicted with an employment requirement."  (*California Fair Employment & Housing Com. v. Gemini Aluminum Corp.* (2004) 122 Cal.App.4th 1004, 1011 (*Gemini*).)

B

With respect to Avendano and Lucero's argument asserting the trial court erred by finding their pleading was not sufficiently specific, we agree with the City that this argument is a red herring.  The City's demurrer did not argue the claim should be dismissed because it lacked specificity and there is no indication the court sustained the demurrer on this ground.  Rather, the demurrer asserted the plaintiffs' claim under section 12940, subdivision (l)(1) failed because Avendano and Lucero did not allege that their religious beliefs conflicted with the City's testing policy.

Avendano and Lucero next assert the trial court erred because the TAC established their "sincere religious beliefs conflicted with the [City] policy's requirement tha[t] an employee submit to a COVID-19 vaccine, or obtain an exemption, to avoid testing."  The City responds that the plaintiffs failed to state a claim because the TAC contains no allegation that the testing option offered to them (and all City employees) under its COVID-19 policy conflicted with the plaintiffs' religious beliefs.  We agree with the City.  There is no such allegation in the TAC that this alternative testing requirement conflicted with a sincerely held religious belief, and Avendano and Lucero make no argument in this court that they held a religious objection to testing.

The plaintiffs argue: "The Policy was **not** simply that employees had to (a) take the COVID-19 vaccine or (b) get tested.  **The Policy was that employees had to take the COVID-19 vaccine for purported health**

7

**and safety reasons, and that if they did take the vaccine or obtained an approved exemption, <u>then they would not be subjected to testing</u>.** This is a distinction without a difference. The TAC alleges the plaintiffs did not "take the vaccine" or have an exemption approved, and thus were required to test. The TAC contains no allegation that Avendano and Lucero had a religious objection to the testing component of the policy. Rather, they allege only that they should have received an outright exemption to vaccination based on their religious beliefs. As the City contends, because the policy is alleged to require a vaccine *or* testing, and the plaintiffs only objected to vaccination on religious grounds, the TAC fails to state a claim for failure to accommodate.

In an alternative argument, Avendano and Lucero assert that whether the testing offered to them is a reasonable accommodation is a question of fact that should be permitted to reach a jury. In support of their argument, plaintiffs cite *Bagatti v. Department of Rehabilitation* (2002) 97 Cal.App.4th 344 (*Bagatti*). In *Bagatti*, the plaintiff brought suit under FEHA for failure to provide reasonable accommodations for her disability, which limited her mobility. The plaintiff alleged she was injured at work after her employer refused to provide a motorized vehicle or handrails for support. (*Bagatti,* at p. 350.) On appeal from an order sustaining the employer's demurrer, the Court of Appeal held that it could not "be determined on demurrer whether plaintiff's requested accommodations were reasonable, on the one hand, or constituted an undue hardship to the employer, on the other." (*Id.* at p. 369.)

*Bagatti* is a poor analogy for this case. *Bagatti* considered whether a question of fact existed concerning the reasonableness of the plaintiff's suggested accommodation for her disability. In contrast, the policy at issue here provided the plaintiffs with two options—receive a vaccination or submit

8

to COVID-19 testing.  Avendano and Lucero objected to the first option on religious grounds, but made no similar objection to the testing option. Because there is no allegation that one of the policy's two alternative requirements conflicted with Avendano's and Lucero's religious beliefs in the manner they assert, the trial court was not presented with any accommodation that needed to be assessed for its reasonableness.  (*Gemini, supra*, 122 Cal.App.4th at p. 1011.)

## II

### *Disparate Treatment*

The plaintiffs next assert that the trial court erred by sustaining the City's demurrer to their claim for discrimination under FEHA based on genetic information.  They claim that their refusal to be vaccinated brings them within a category of protection based on their history of genetic information.  The City responds that refusal to receive the COVID-19 vaccination does not bring Avendano and Lucero within a protected class. We again agree with the City.

"FEHA makes it unlawful to take adverse action toward an employee 'because of' his or her membership in a protected classification.  (… § 12940, subd. (a); see *Heard v. Lockheed Missiles & Space Co.* (1996) 44 Cal.App.4th 1735, 1748 ['An employer will be liable for intentional discrimination if it is shown that its employment decision was premised upon an illegitimate criterion.'] … .)  A claim asserting a violation of this provision is a 'disparate treatment' claim.  We have previously identified the elements of such a claim as '(1) the employee's membership in a classification protected by the statute; (2) discriminatory animus on the part of the employer toward members of that classification; (3) an action by the employer adverse to the employee's interests; (4) a causal link between the discriminatory animus and the

9

adverse action; (5) damage to the employee; and (6) a causal link between the adverse action and the damage.' " (*McCaskey v. California State Automobile Assn.* (2010) 189 Cal.App.4th 947, 979.)

The clear intent of section 12940, subdivision (a), is to prevent and punish discrimination by employers against employees who belong to the provision's protected classifications. Included within the statute is a prohibition of discrimination based on the "genetic information … of any person." (§ 12940, subd. (a).) A corresponding definition of "genetic information" is set forth in section 12926, subdivision (g). It defines "Genetic information" as "information about any of the following:  [¶] (A) The individual's genetic tests.  [¶] (B) The genetic tests of family members of the individual.  [¶] (C) The manifestation of a disease or disorder in family members of the individual." (§ 12926, subd. (g)(1)). The definition further states that "(2) 'Genetic information' includes any request for, or receipt of, genetic services, or participation in clinical research that includes genetic services, by an individual or any family member of the individual" and "(3) 'Genetic information' does not include information about the sex or age of any individual." (§ 12926, subd. (g)(2).)

Avendano and Lucero assert that their unvaccinated status is "genetic information" under FEHA because the COVID-19 vaccination qualifies as genetic service under section 12926, subdivision (g)(2). They argue that "the offering or receipt of a genetic service could include the provision of an mRNA-based COVID-19 vaccine genetic therapy." This construction of the statute makes little sense. (See *Halbert's Lumber, Inc. v. Lucky Stores, Inc.* (1992) 6 Cal.App.4th 1233, 1239 [In construing statutory language, we must "apply reason, practicality, and common sense ....  If possible, the words should be interpreted to make them workable and reasonable ... in accord

10

with common sense and justice, and to avoid an absurd result") *Declining* to become vaccinated does not constitute "genetic information" under FEHA, regardless of whether an mRNA vaccine is classified as a genetic therapy.

The FAC contains no allegations suggesting the plaintiffs were discriminated against for taking a genetic test, for the manifestation of a genetic disease or disorder, for requesting or receiving genetic services, or for participating in clinical research involving genetic services. Rather, the claim is based only on Avendano's and Lucero's *refusal* to receive a vaccination or submit to testing. Indeed, the plaintiff's fourth cause of action in the FAC specifically alleges Avendano and Lucero both "*refused* to consent to genetic therapy." (Italics added.)

The plaintiffs also assert that "[n]o California employee should ever be forced to decide between their job and receiving a genetic therapy—a medical service which, by definition, changes them at a cellular level and might also change their God-given DNA." However, as discussed in the prior section of this opinion, these employees were not presented with a choice between receiving the vaccination or losing their jobs. Rather, they had the option to be vaccinated, or to submit to testing. Contrary to their assertion, no allegations in their complaints show that Avendano and Lucero were forced to choose between the vaccine and their jobs.

III

*Leave to Amend*

As the City points out, the plaintiffs do not address how their complaint could be amended to support either their claim for failure to provide reasonable accommodations or their claim for disparate treatment based on genetic information. Because a plaintiff must show "in what manner he can amend his complaint and how that amendment will change the legal effect of

11

his pleading," we have no basis to reverse the demurrer ruling and order a remand for Avendano and Lucero to amend their claims.[4] (*Goodman, supra,* 18 Cal.3d at p. 349; see *Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081 ["The plaintiff has the burden of proving that an amendment would cure the defect."].)

## DISPOSITION

The judgment is affirmed. Respondent is awarded the costs of appeal.

McCONNELL, P. J.

WE CONCUR:

O'ROURKE, J.

IRION, J.

---

[4] In its respondent's brief, the City asserts that it is immune from liability under the PREP Act. Because we agree with the City that the court's orders sustaining its demurrers to the claims at issue on appeal without leave to amend were proper, we decline to reach this issue. (See *Sutter Health Uninsured Pricing Cases* (2009) 171 Cal.App.4th 495, 513 ["one good reason is sufficient to sustain the order from which the appeal was taken"].) In addition, we deny as moot the City's related request for judicial notice and the plaintiff's request to submit a late opposition to that request.

12